UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SG EQUIPMENT FINANCE USA CORP., | : | CIVIL ACTION NO. 3-09-cv-01554 (JCH) |
| Plaintiff, | : | |
| v. | : | |
| U BROTHERS EQUIPMENT CO., LTD., ET AL | : | SEPTEMBER 10, 2010 |
| Defendants. | : | |

**RULING RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [Doc. No. 25]**

**I.     INTRODUCTION**

Plaintiff SG Equipment Finance USA Corp. ("SG") brings this action against U Brothers Equipment Co., Ltd. ("U Brothers"), U Brothers Enterprises Co., Ltd., Rick Udelson, Steve Udelson, Jeffrey Udelson, Jeffrey Udelson Irrevocable Trust UTAD 12/26/199, Steven Udelson Irrevocable Trust UTAD 12/26/1999, and Ricky Udelson Irrevocable Trust UTAD 12/26/1999. SG seeks to enforce the terms of a contract and promissory note executed by U Brothers and guarantees executed by each of the other defendants. SG filed a Motion for Summary Judgement (Doc. No. 25) on March 3, 2010, together with a Memorandum of Law (Doc. No. 26) and supporting affidavits (Doc. Nos. 27, 28, 29), and a supplemental affidavit (Doc. No. 37) on April 26, 2010.

Defendants' attorneys were permitted to withdraw on March 31, 2010, and Rick Udelson, Steve Udelson, and Jeffrey Udelson (hereinafter, the "Individual Defendants") entered pro se appearances on May 5, 2010. The Individual Defendants were granted an extension of time to oppose SG's Motion for Summary Judgment. The extended

deadline passed on July 28, 2010, and no opposition has been filed.

In the absence of opposition, and having reviewed SG's papers, the court finds that SG has established that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Therefore, SG's Motion for Summary Judgment is granted.

## II.     STANDARD OF REVIEW

On a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Once the moving party has met its burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor, Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

Because "the burden of the nonmovant to respond arises only if the motion is properly supported," a court may not grant summary judgment solely on the basis of a failure to respond. Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001) (internal quotation omitted). Failure to respond may permit the court to accept the movant's factual assertions as true, but the movant still bears the burden of establishing that the undisputed facts entitle him to judgment as a matter of law. Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004); see also Local Civ. R. 56(a)(1) (providing that material facts set forth in a party's Local Rule 56(a)1 Statement are "deemed admitted" unless they are controverted in a responsive statement). If the movant fails to meet its burden, "'summary judgment must be denied even if no

opposing evidentiary matter is presented.'" Vermont Teddy Bear, 373 F.3d at 244 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 160 (1970)). Thus, "even when a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Amaker, 274 F.3d at 681.

When assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38. "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton v. Mystic Transp., Inc., 202 F.3d 129, 134 (2d Cir. 2000). "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

### III. DISCUSSION

#### A. Liability

In order to finance the purchase of certain commercial equipment, U Brothers obtained a loan of $2,300,000. Affidavit of Steven Santagato, dated March 3, 2010 (Doc. No. 27) ("Santagato Aff."), ¶¶ 3-4. U Brothers executed a promissory note (the "Note") and entered into a Master Note and Security Agreement (the "Master Agreement") with Terex Financial Services ("Terex"), both dated August 28, 2008 (collectively, the "Loan Documents"). Id. ¶¶ 3-4, and Exhs. A, B.

On September 22, 2008, the amounts owed by U Brothers under the Loan Documents were guaranteed by each of the following (the "Guarantors"): Rick Udelson, Steve Udelson and Jeffrey Udelson, id. ¶ 9, and Exh. C; U Brothers Enterprises Co., Ltd., id. ¶ 10, and Exh. D; the Jeffrey Udelson Irrevocable Trust UTAD 12/26/1999, id. ¶ 11, and Exh. E; the Steven Udelson Irrevocable Trust UTAD 12/26/1999, id. ¶ 12, and Exh. F; and the Ricky Udelson Irrevocable Trust UTAD 12/26/1999, id. ¶ 13, and Exh. G.

In October 2008, Terex assigned its rights under the Loan Documents and Gurantees to SG. Id. ¶ 14, and Exh. A.

Under the terms of the Loan Documents, U Brothers agreed to repay the loan in sixty monthly installments beginning on November 1, 2008. Id. ¶ 5, and Exh. B. Late payments are subject to a 5% fee, and any amount remaining overdue for more than ten days would constitute a default event. Id. ¶ 7, and Exh. A. Upon default, SG can declare the balance of the loan to be immediately due and payable, with interest accruing at the default interest rate of 18% per year, foreclose upon the collateral, and collect the debt from the Guarantors. Id., Exhs. A, C-G.

U Brothers stopped making its monthly payments beginning with the payment due in June 2009. Id. ¶ 15. By letters dated August 6, 2009, SG notified each of the defendants that U Brothers was in default, and SG demanded payment in full. Id. ¶¶ 16, 22, and Exhs. H, I. The defendants failed to pay. Id. ¶¶ 16, 22.

The foregoing facts are supported by the materials submitted by SG, and in the absence of opposition, they are deemed admitted. See Local Civ. R. 56(a)(1). Accordingly, the court finds that SG has carried its burden of proving that, under the

terms of the Loan Documents and Guarantees, each of the Defendants had, and breached, an enforceable obligation to repay SG.

### B. Damages

SG's collection agent, Steven Santagato, affirms that U Brothers owed $2,425,278.87 to SG under the terms of the Loan Documents, as of March 3, 2010. Santagato Aff. ¶¶ 17-18. This sum includes $2,065,207.80 of remaining principal; $314,943.00 in default interest; $22,179.59 in late fees from June 2009 to March 2010; and a $350 payoff fee. Id. ¶ 18. Interest continued to accrue after March 3, 2010 at a rate of $1,032.60 per day. Id. ¶ 18.

On or about April 15, 2010, SG sold the collateral securing the loan for a sum of $1,200,000. Supplemental Affidavit of Steven Santagato, dated April 26, 2010, (Doc. No. 37) ("Supp. Santagato Aff.") ¶ 2, and Exh. J. SG applied this sum, less certain associated costs, to the outstanding debt. Id. ¶ 5. Mr. Santagato affirms that, after adding the additional default interest and late fees accruing from March 3, 2010 to April 15, 2010, the remaining debt as of April 15, 2010 is $1,266,450.51, and interest continues to accrue at a daily rate of $633.23. Id.

The court finds that the calculations reflected in these affidavits are accurate. The amount of the outstanding debt is supported by the affidavits and, in the absence of opposition, is deemed admitted. See Local Civ. R. 56(a)(1). In addition, the court finds that an additional $91,818.35 in interest has accrued from April 15, 2010, to the present date, bringing the outstanding debt to $1,358,268.86, as of the date of this Ruling.

The Master Agreement provides that SG is entitled to recover reasonable attorney fees and court costs incurred in enforcing the Note. Santagato Aff., Exh. A. As of March 3, 2010, SG had incurred $22,598.48 in attorney fees and costs. Id. ¶ 19. See also Affidavit of Michael Tsang, dated March 3, 2010, ("Tsang Aff.") (Doc. No. 28); Affidavit of Stephen J. Curley, dated March 3, 2010, ("Curley Aff.") (Doc. No. 29). This amount reflects the work of attorneys with over 12 and 17 years experience billing at rates of $275 and $260 per hour, respectively. Tsang Aff. ¶ 3; Curley Aff. ¶ 3. The court finds these billing rates and the total fees to be reasonable.

The court finds that there is no genuine issue of material fact and SG is entitled to recover judgment as a matter of law in an amount not less than $1,380,867.34, reflecting the outstanding debt on the loan and reasonable attorneys fees and costs.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's Motion for Summary Judgment (Doc. No. 25) is hereby **GRANTED**. The clerk is directed to enter judgment for the plaintiff in the amount of $1,380,867.34. The clerk is directed to close the case.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 10th day of September, 2010.

          /s/ Janet C. Hall
          Janet C. Hall
          United States District Judge